AKERMAN SENTERFITT LLP
JUSTIN D. BALSER (CA SBN 213478)
Email: justin.balser@akerman.com
DONALD M. SCOTTEN (SBN 190532)
Email: donald.scotten@akerman.com
725 South Figueroa Street, 38th Floor
Los Angeles, California 90017-5433
Telephone: (213) 688-9500
Facsimile: (213) 627-6342

AKERMAN SENTERFITT LLP
JUSTIN D. BALSER (CA SBN 213478)
Email: justin.balser@akerman.com
The Kittredge Building
511 Sixteenth Street, Suite 420
Denver, Colorado 80202
Telephone: (303) 260-7712
Facsimile: (303) 260-7714

Attorneys for Defendant
AURORA LOAN SERVICES LLC,
formerly known as Aurora Loan Services, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| JUANITA STOCKER, an individual<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>AURORA LOAN SERVICES, a Delaware corporation; and DOES 1-10, inclusive,<br><br>　　　　　Defendants. | Case No. SACV09-00335 CIC-RNB<br>Honorable Cormac J. Carney<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MOTION TO STRIKE; MOTION TO EXPUNGE *LIS PENDENS* AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF FILED BY DEFENDANT AURORA LOAN SERVICES LLC**<br><br>[Fed. R. Civ. P. 12(b)(6) and (f)]<br><br>**[Request for Judicial Notice Filed Herewith]**<br><br>Date:　　　July 6, 2009<br>Time:　　　1:30 p.m.<br><br>Complaint Filed: March 17, 2009<br>Trial Date: None |

1

1   **TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

2       **PLEASE TAKE NOTICE** that on July 6, 2009 at 1:30 p.m. or as soon

3   thereafter as may be heard in the above-entitled Court located at 411 West Fourth

4   Street, Santa Ana, California, Defendant Aurora Loan Services LLC, formerly known

5   as Aurora Loan Services, Inc. (**Aurora**) will and hereby does move this Court to

6   dismiss Plaintiff Juanita Stocker's (**Plaintiff**) complaint (**Complaint**) with prejudice.

7       This Motion is made pursuant to Rule 12(b)(6) of the *Federal Rules of Civil*

8   *Procedure* on the grounds that Plaintiff fails to state a claim upon which relief may be

9   granted, and the Complaint is barred as a matter of law.  This Motion is also made

10  pursuant to Rule 12(f) of the *Federal Rules of Civil Procedure* in that Defendant seeks

11  an order of this Court striking portions of Plaintiff's Complaint.  Pursuant to California

12  *Code of Civil Procedure* §§ 405.31 and 405.32, Aurora by this Motion also seeks an

13  order from the Court expunging the notice of pendency of action (*Lis Pendens*) filed

14  by Plaintiff.  Aurora additionally requests that the Court allow it to file a motion for

15  attorneys' fees after it orders the *Lis Pendens* expunged pursuant to California *Code of*

16  *Civil Procedure* § 405.38.

17      This Motion is based upon this Notice, the attached Memorandum of Points and

18  Authorities, and upon all papers and documents on file herein, the Court's files

19  concerning this action, together with those facts and documents for which the parties

20  request judicial notice and/or matters for which judicial notice is proper, as well as any

21  oral argument that may be presented at the time of the hearing.

22      Pursuant to Local Civil Rule 7-3, counsel for Defendant met and conferred with

23  Plaintiff's counsel prior to the filing of this motion.

24

25

26

27

28

_____
**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MOTION TO STRIKE;
MOTION TO EXPUNGE *LIS PENDENS* AND MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT THEREOF FILED BY DEFENDANT AURORA LOAN SERVICES LLC**

1

Dated: May 18, 2009                         Respectfully submitted,

2

**AKERMAN SENTERFITT LLP**

3

By: */s/ Justin D. Balser*

4

    Justin D. Balser
    Donald M. Scotten

5

Attorney for Defendant
AURORA LOAN SERVICES LLC

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

**TABLE OF CONTENTS**

I. INTRODUCTION ...................................................................................................1

II. STATEMENT OF FACTS .....................................................................................2

III. LEGAL STANDARD ...........................................................................................3

IV. ARGUMENT ........................................................................................................4

    A.    Plaintiff Is Barred From Bringing All Claims Because She Failed to Tender the Amount Due on the Loan Prior to Bringing This Action ........4

    B.    The Complaint Fails to State Any Viable Claims ................................5

        1.    Plaintiff's Origination-Based Claims Under TILA, RESPA and HOEPA Fail Against Aurora Because Aurora Did Not Originate Her Loan ................................................5

        2.    Plaintiff's First Claim for TILA Violations Fails Because it Does not Apply to Loan Servicers or Investment Property, is Insufficiently Pled and is Time-Barred ................................................................................7

        3.    Plaintiff's Second Claim Under RESPA Fails Because RESPA Does Not Provide a Private Right of Action, and Because the Claim is Time-Barred ................................8

        4.    Plaintiff's Third Claim Under HOEPA Fails Because HOEPA Is Inapplicable to Plaintiff's Loan and Because the Claim is Time-Barred ................................9

        5.    Plaintiff's Fourth Claim Under the FDCPA and California *Civ. Code* § 1788 Fails Because Aurora Is Not a Debt Collector, and the Initiation of the Foreclosure Process Does Not Constitute the Collection of Debt ................................................................9

        6.    Plaintiff's Fifth and Sixth Claims for Breach of Fiduciary Duty and Breach of the Implied Covenant of Good Faith and Fair Dealing Fail Because Aurora Did Not Owe Plaintiff A Duty .............................................12

        7.    Plaintiff's Alleged State Law Claims Are Preempted ..................14

        8.    Plaintiff's Ninth and Tenth Claims Alleging Civil Rights Violations Are Inapplicable, Insufficiently Pled and Are Time-Barred ................................................................17

        9.    Plaintiff Cannot Quiet Title Because Her Claim is Insufficiently Pled, and Because She Failed to Tender and Failed to Verify Her Complaint ................................20

        10.    Plaintiff Is Not Entitled to Declaratory Relief Because There is No Actual Controversy For the Court to Resolve ................................................................................21

V. MOTION TO STRIKE...........................................................................................21

VI. MOTION TO EXPUNGE *LIS PENDENS* ........................................................23

VII. CONCLUSION ....................................................................................................24

i

TABLE OF AUTHORITIES

**Cases**

*Andrade v. Wachovia Mortgage, FSB*, 2009 WL 1111182 (S.D.Cal. April 21, 2009) 14, 15, 17

*Arnolds Mgmt. Corp. v. Eischen*, 158 Cal. App. 3d 575, 205 Cal. Rptr. 15 (1984)........ 4

*Auer v. Robbins*, 519 U.S. 452 (1997)........................................................................ 15

*Baldwin v. Marina City Props., Inc.*, 79 Cal. App. 3d 393, 407 (1978) ...................... 21

*Bloom v. Martin*, 865 F. Supp. 1377 (N.D. Cal. 1994) ................................................ 9

*Carma Dev. (California), Inc. v. Marathon Dev. California, Inc.*, 2 Cal. App. 4th 342 (1992).......................................................................................................................... 12

*Conference of Fed. Sac. & Loan Ass'ns v. Stein*, 604 F.2d 1256 (9th Cir.1979), *aff'd, 445 U.S. 921, 100 S.Ct. 1304* .................................................................................. 15

*Fidelity Fed. Sav. & Loan Ass'n v. de la Cuesta*, 458 U.S. 141, 102 S.Ct. 3014 (1982) .................................................................................................................................. 16

*Golden v. Zwickler*, 394 U.S. 103, 109, 89 S. Ct. 956 (1969) .................................... 21

*Heintz v. Jenkins*, 541 U.S. 291 (1995) ...................................................................... 10

*Hulse v. Ocwen Fed. Bank*, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002)...................... 11

*Humboldt Sav. Bank v. McCleverty*, 161 Cal. 285 (1911) ........................................ 4

*Ines v. Countrywide Home Loans, Inc.*, No. 08cvl267 WQH (NLS), 2008 WL 2795875, at *3 (S.D. Cal. Jul. 18, 2008) ................................................................................. 11

*Izenberg v. ETS Services, LLC*, 589 F. Supp. 2d 1193, 1199 (C.D. Cal. 2008)........... 11

*Johnson v. First Fed. Bank of Cal.*, No. C08-00264 PVT, WL 682497 (N.D. Cal. Mar. 10, 2008)..................................................................................................................... 9

*Kim v. Sumitomo Bank*, 17 Cal. App. 4th 974, 979 (1993) ........................................ 13

*King v. California*, 784 F.2d 910 (9th Cir. 1986) ........................................................ 8

*Kritzer v. Lancaster*, 96 Cal. App. 2d 1 (1950) .......................................................... 6

*Lockman Found. v. Evangelical Alliance Mission*, 930 F.2d 764 (9th Cir. 1991)........... 3

*Marks v. Ocwen Loan Servicing*, LLC, No. C 07-02133 SI, 2008 WL 344210, at *6 (N.D. Cal. Feb. 6, 2008) ........................................................................................... 13

*Marks v. Ocwen Loan Servicing*, No. C 07-02133 Sl., 2008 WL 344210 (N.D. Cal. Feb. 6, 2008) .................................................................................................................... 6

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MOTION TO STRIKE; MOTION TO EXPUNGE *LIS PENDENS* AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF FILED BY DEFENDANT AURORA LOAN SERVICES LLC

*Mathews v. Washington Mut. Bank, FA*, Civil Action 05-100, 2006 WL 2380460, at *11 (E.D. Pa. Aug. 14, 2006) .................................................................... 18

*McCarrick v. Polonia Fed. Sav. & Loan Ass'n*,502 F. Supp. 654 (D.C. Pa. 1980) ........ 7

*Mitsui Mfrs. Bank v. Superior Court*, 212 Cal. App. 3d 726, 730 (1989) .................... 13

*Mix v. Sodd*, 126 Cal. App. 3d 386, 390 (1991) .......................................................... 20

*Nava v. Virtual Bank*, No. 1:08-CV-000639-FCD-KJM, 2008 WL 2873406 (E.D.Cal. July 16, 2008)............................................................................................................ 17

*Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal. App. 3d 1089 (1991)............... 6, 13

*Pension Trust Fund for Operating Engineers v. Fed. Ins. Co.*, 307 F. 3d 944, 955 (9th Cir. 2002)............................................................................................................... 13

*Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (1985) ............................................. 10

*Pierce v. Lyman*, 1 Cal. App. 4th 1093 (1991) .......................................................... 12

*Pineda v. Saxon Mortg. Serv., Inc.*, No. SACV 08-1187 JVS (ANx), 2008 WL 5187813, at *3 (C.D. Cal. Dec. 10, 2008).................................................................. 10

*Price v. Wells Fargo Bank*, 213 Cal. App. 3d 465, 476 (1989)................................... 13

*Putkkuri v. Recontrust Co.*, No. 08cv1919 WQH (AJB), 2009 WL 32567 (S.D. Cal. Jan. 5, 2009)....................................................................................................... 8

*Rice v. Santa Fe Elevator Corp.,* 331 U.S. 218, 67 S.Ct. 1146 (1947)........................ 15

*Sartain v. Aurora Loan Services, LLC*, CV 09-1789 AHM (VBKx), 2009 WL 950946 (C.D.Cal. April 6, 2009)........................................................................................ 16

*Schmidt v. Nat'l City Corp*, No. 3:06 CV 209, 2008 WL 5248706,  at *9 (E.D. Tenn. Dec. 17, 2008)................................................................................................... 13

*Seaman's Direct Buying Serv., Inc. v. Standard Oil Co.*, 36 Cal. 3d 752, 768-769 (1984)................................................................................................................... 13

*Shimpones v. Stickney*, 219 Cal. 637, 649 (1934) ..................................................... 20

*Silvas v. E\*Trade Mortgage Corp.,* 514 F.3d 1001 (9th Cir.2006) ....................... 16, 17

*Smith v. Argent Mortgage Co.*, No. 05-cv-02364-REB-BNB, 2007 WL 4105192 (D. Colo. Nov. 14, 2007)........................................................................................... 7

*Taylor v.  Regents of The Univ. of Cal.*, 993 F.2d 710, 711-12 (9th Cir. 1993)............ 19

*Thomas v. Law Firm of Simpson & Cyback*, 392 F.3d 914, 916-917 (7th Cir. 2004)... 10

*U.S. Cold Storage California v. Great W. Sav. & Loan Assoc.*, 165 Cal. App. 3d 1214, 212 Cal. Rptr. 232 (1985)................................................................................ 4

iii

---

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MOTION TO STRIKE; MOTION TO EXPUNGE *LIS PENDENS* AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF FILED BY DEFENDANT AURORA LOAN SERVICES LLC**

*United Bd. of Carpenters & Joiners of Am., Local 610, AFL-CIO v. Scott*, 463 U.S. 825, 828-29, 103 S.Ct. 3352 (1983)..................................................................19

*Urez Corp. v. Superior Court*, 190 Cal. App. 3d 1141, 1149 (1987) ..........................23

*Watters v. Wachovia Bank, N.A.*, 550 U.S. 1, 127 S.Ct. 1559 (2007) ...................14, 16

*Weiss v. Washington Mutual Bank*, 147 Cal.App.4th 72 (2007) ...........................15, 16

*Williams v. Countrywide Home Loans, Inc.*, 504 F. Supp. 2d 176, 190  (S.D. Tex. 2007).................................................................................................................10

*Williams v. Koenig*, 219 Cal. 656 (1934)..................................................................4

*Williams v. Saxon Mortgage Servs., Inc.*, No.  Civ.A.  06-0799-WS-B, 2007 WL 2828752 (S.D. Ala. Sept. 27, 2007) ..........................................................8

**Statutes**

1 U.S.C. § 2601 ........................................................................................................5

12 U.S.C. § 2614.......................................................................................................9

12 U.S.C. §§1461 *et seq.*........................................................................................14

15 U.S.C. § 1601.......................................................................................................5

15 U.S.C. § 1639.......................................................................................................5

15 U.S.C. § 1640(e) ..................................................................................................8

15 U.S.C. § 1692a(5) ..............................................................................................10

15 U.S.C. § 1692a(6) ..............................................................................................10

42 U.S.C. § 1983...............................................................................................18, 19

42 U.S.C. § 2000d.............................................................................................18, 19

42 U.S.C. §§ 1981 ...................................................................................................19

Cal. *Civ. Code* § 1788 ..............................................................................................9

Cal. *Civ. Code* §§ 1788-1788.32 ............................................................................10

Cal. *Civ. Proc Code* § 405.32.................................................................................23

Cal. *Civ. Proc. Code* § 1060 ..................................................................................21

Cal. *Civ. Proc. Code* § 761.020(d) .........................................................................20

Cal.*Civ. Proc. Code* § 761.020...............................................................................21

Fed. R. Civ. P. 12(b)(6)...............................................................................2

Fed. R. Civ. P. 12(f)...................................................................................2

**Rules**

4 Miller & Starr, Cal. Real Estate (2d ed. 1989) § 9:154, p. 507 .....................4

Miller & Starr, Cal. Real Estate (3d ed. 2000), Deeds of Trust § 10:212, p. 653 ..........4

**Regulations**

12 C.F.R. § 560.2(c) ...............................................................................16

12 C.F.R. §545.2......................................................................................14

12 C.F.R. §559.2......................................................................................14

12 C.F.R. §559.3(n)(1)...............................................................................14

12 C.F.R. §560.2............................................................................. 14, 15, 17

12 C.F.R. §560.2(a) ......................................................................... 14, 15

12 C.F.R. §560.2(b)(1)-(13).................................................................14, 15, 16, 17

61 Fed. Reg. 50951, 50966-67 (Sept. 30, 1996) ...................................... 15, 16

v

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

After filing an unsuccessful wrongful foreclosure suit in state court, plaintiff Juanita Stocker (**Plaintiff**) now attempts to undo the sale of her investment property by filing this conclusory, cut and paste[1] complaint (**Complaint**). Plaintiff's federal case, like her state case, is meritless and must be dismissed.

The gist of Plaintiff's Complaint is that Aurora Loan Services LLC (**Aurora**) "preyed" upon her lack of sophistication about loans and discriminately sold[2] her a loan it knew she could not afford. As an initial matter, Plaintiff is barred from bringing this lawsuit because she failed to tender – a requirement under California law to challenge a completed foreclosure. Even if she had tendered, all of her claims woefully fail as a matter of law. Contrary to Plaintiff's assertions, Aurora did not sell her any loan, but rather only serviced her loan. So all of her claims, based primarily on alleged wrongdoings taking place at origination, utterly fail as against Aurora.

More importantly, Plaintiff is not a naïve minority female. Rather, she is a savvy, self-employed business woman and investor who is currently using the Property at issue as a real estate investment; Plaintiff obtained a $48,000 cash-out from her refinance loan on the property, and has been collecting rent since October 2007. Thus none of her discrimination-based claims hold any water, and the protections offered by TILA, RESPA and HOEPA do not apply to Plaintiff. As to her remaining claims, they all fail

---

[1] It is obvious that Plaintiff's Complaint was actually copied and pasted from a form complaint because the causes of action listed on the cover page of the complaint are different than those alleged in the body of the pleading. Also, Plaintiff's Complaint mistakenly alleges three causes of action for declaratory relief, a clear cutting and pasting error.

[2] It is interesting that Plaintiff took a contrary position in her state court action. In her state case, Plaintiff alleged that "Aurora Loan Servicing is not a mortgage lender and has no beneficial interest in the Note." Plaintiff is judicially estopped from taking this new position on Aurora's lender status. *See infra* at 5.

1

on their face because they are preempted, the facts do not support them, and Plaintiff fails to meet any of the elements. The charades are up.

## II. STATEMENT OF FACTS

On approximately October 22, 2007, Plaintiff obtained a $528,000 mortgage loan (**Loan**) from lender Affiliated Funding Corporation in order to obtain a cash-out of approximately $48,000 and to refinance her current mortgage. (*See* Compl. ¶ 8-9; Request for Judicial Notice (**RJN**), Exh. 1.) The Promissory Note for the Loan was secured by a Deed of Trust recorded in the public records against investment property located at 629 South Townsend Street, Santa Ana California 92703 (**Rental Property**). (Compl. ¶ 12; RJN Exh. 2.) Aurora serviced the Loan.

Plaintiff began having difficulty making payments, and as of October 14, 2008 was $15,126.50 behind. (RJN Exh. 3.) Quality Loan Services (**Quality Loan**) as the substituted trustee (RJN Exh. 4), issued and recorded a notice of default. (*See* RJN Exh. 3.) Quality Loan then issued and recorded a notice of trustee's sale, setting a sale date of February 5, 2009. (RJN Exh. 5.)

Instead of reinstating or paying off the Loan on the Rental Property prior to the sale, Plaintiff filed a complaint for wrongful foreclosure and application for a temporary restraining order and order to show cause re: preliminary injunction in the Superior Court, Orange County on February 4, 2009. (RJN Exh. 6.) On February 6, 2009, the court in that action summarily denied Plaintiff's ex-parte application. (RJN Exh. 7.) The foreclosure sale took place later that day, whereat Aurora was the successful bidder. (RJN Exh. 8.)

Plaintiff filed this lawsuit over a month later on March 17, 2009 and recorded a notice of pendency of action (***Lis Pendens***) on March 23, 2009. Plaintiff never tendered the indebtedness prior to or when she filed the Complaint. Aurora now files its Motion to Dismiss, Motion to Strike, and Motion to Expunge Plaintiff's *Lis Pendens*.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### III. LEGAL STANDARD

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007) (cited authority omitted). In considering a motion pursuant to Fed. R. Civ. P. 12(b)(6), the Court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (cited authority omitted); *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981) (cited authority omitted); *Nova v. VirtualBank*, No. 2:08-CV-000069-FED-KJM, 2008 WL 2873406, at *2 (E.D. Cal. July 16, 2008) (quoted authority omitted).

Although the Court as a general matter may not consider extrinsic documents when deciding a motion to dismiss, it may consider such documents when "the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (citing *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998)). This exception "p]revent[s] [] Plaintiff from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based." *Parrino*, 146 F.3d at 706 (as applied to the artful pleading doctrine of preemption cases) (cited authority omitted), *superseded by statute on other grounds as recognized in Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006).

Dismissal with prejudice is proper if "it is apparent from the record that granting leave to amend … would [be] futile …." *Lockman Found. v. Evangelical Alliance Mission*, 930 F.2d 764, 772 (9th Cir. 1991).

3

# IV.  ARGUMENT

### A.    Plaintiff Is Barred From Bringing All Claims Because She Failed to Tender the Amount Due on the Loan Prior to Bringing This Action

As an initial matter, Plaintiff is procedurally barred from bringing this Complaint because she failed to tender the amount due on the Loan prior to bringing his lawsuit, in contravention of California's tender rule.

If a defaulting borrower requests relief in equity, i.e. setting aside or challenging a foreclosure proceeding, the borrower must first do equity himself by paying the entire loan amount prior to the sale.  *See Arnolds Mgmt. Corp. v. Eischen*, 158 Cal. App. 3d 575, 578-79, 205 Cal. Rptr. 15 (1984); *Humboldt Sav. Bank v. McCleverty*, 161 Cal. 285, 290-91 (1911); *Williams v. Koenig*, 219 Cal. 656, 660 (1934); *see also U.S. Cold Storage California v. Great W. Sav. & Loan Assoc.*, 165 Cal. App. 3d 1214, 1222, 212 Cal. Rptr. 232 (1985) (cited authority omitted); 4 Miller & Starr, Cal. Real Estate (2d ed. 1989) § 9:154 at 507-508.

The "tender rule" applies not only to the plaintiff's request to set aside a foreclosure, but also to any causes of action that derive from the wrongful foreclosure allegations or seek redress from foreclosure.  *Arnolds*, 158 Cal. App. 3d at 578-580. Any cause of action implicitly integrated with allegations of an irregular sale thus fails unless the trustor can allege and establish a valid tender.  *Id.* at 579.  "Without an allegation of such tender in the complaint that attacks the validity of the sale, the complaint does not state a cause of action."  Miller & Starr, Cal. Real Estate (3d ed. 2000) § 10:212 at 653-54.

Plaintiff does not allege that she offered to pay or could pay the full amount due on the Loan prior to sale; nor could she, based on the fact that she was behind in her mortgage payments by more than $15,000 in October of last year, and has utterly failed to bring the Loan current since then.  (RJN. Exh. 3.)  Because Plaintiff cannot possibly

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MOTION TO STRIKE; MOTION TO EXPUNGE *LIS PENDENS* AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF FILED BY DEFENDANT AURORA LOAN SERVICES LLC

tender, she lacks standing to bring all of her claims and her Complaint fails as a matter of law.

### B.    The Complaint Fails to State Any Viable Claims

Even if Plaintiff could overcome the almost insurmountable procedural hurdle of California's strict rule of tender, the Complaint should be dismissed because it states no claims for which relief can be granted.

### 1.    Plaintiff's Origination-Based Claims Under TILA, RESPA and HOEPA Fail Against Aurora Because Aurora Did Not Originate Her Loan

Plaintiff alleges that Aurora violated the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.* (**TILA**), the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, *et seq.* (**RESPA**) and the Home Ownership and Equity Protection Act, 15 U.S.C. § 1639, *et seq.* (**HOEPA**) by committing wrongdoings at origination, and that as a result she is entitled to rescission and/or cancellation of the loan herein, return of all funds received from Plaintiff, and a return of possession of the property."[3]  (Compl. ¶¶ 20, 28.)

First, Plaintiff's allegation that Aurora was her lender is contrary to the position that she took in her state law action, and thus she is judicially estopped from taking a contrary position here.  (RJN Exh. 6 at 6 ("Aurora Loan Servicing is not a mortgage lender and has no beneficial interest in the Note …. ; as it is not the lender, servicer, or assignee with rights to collect …. Aurora Loan Servicing has no relationship with the Plaintiff beyond any other random third party.").)  *See, e.g.*, *Landers v. Curran & Connors, Inc.*, No. C 05-03169 WHA,   2006 WL 708948, at *2 (N.D. Cal. Mar. 21, 2006) ("Here, defendant, through counsel, has provided judicial admissions that it will not seek to enforce plaintiff's declaratory-relief action. Defendant may not enforce the anti-competition covenant. Should defendant, unwisely, seek to enforce the covenant,

---

[3] Plaintiff for obvious reasons is not entitled to rescission, return of monies paid on the Loan **and** a house free and clear.  Plaintiff cannot have her cake and eat it too.

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MOTION TO STRIKE; MOTION TO EXPUNGE *LIS PENDENS* AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF FILED BY DEFENDANT AURORA LOAN SERVICES LLC**

1   plaintiff has effective relief. Much as with a settlement agreement, defendant's judicial

2   admissions will estop any such enforcement action.").

3      More importantly, Aurora only serviced Plaintiff's Loan; Aurora was not

4   Plaintiff's lender and thus cannot be liable for violating these statutes based on any

5   alleged wrongdoings occurring at origination.  Aurora's duties as a loan servicer for

6   Plaintiff's Loan only included "receiving any scheduled periodic payments from [the]

7   borrower pursuant to the terms of [the] loan, including amounts for escrow accounts

8   described in section 2609 of this title, and making the payments of principal and interest

9   and such other payments with respect to the amounts received from the borrower as may

10  be required pursuant to the terms of the loan." 12 U.S.C. § 2605(i)(3) (defining loan

11  servicer's duties).

12     A servicer, such as Aurora, is not responsible for the origination-based activities

13  about which Plaintiff complains, including any failure "to validate and otherwise make a

14  full accounting."[4]   Nor can Aurora be held liable for failing "to make required

15  disclosures as to the true finance charges and fees", the "status of the ownership of said

16  loans", "the actual loan percentage paid by the Plaintiff for the loan" or any changes in

17  the Promissory Note's interest rate.  (Compl. ¶ 19.)  And since Aurora did not originate

18  Plaintiff's Loan, it certainly cannot be held liable for placing Plaintiff's Loan "for the

19  purpose of unlawfully increasing and otherwise obtaining yield spread fees and amounts

20  in excess of what would have been lawfully earned", "without regard to Plaintiff' [sic]

---

[4] Plaintiff incorrectly alleges that she was entitled to an accounting.  In order to state properly a cause of action for an accounting, the plaintiff is required to allege the following: (1) a fiduciary relationship or other circumstances appropriate to the remedy; (2) a balance due from the defendant to the plaintiff that can only be ascertained by an accounting; and (3) misconduct.  *Kritzer v. Lancaster*, 96 Cal. App. 2d 1, 6-7 (1950) (allowing accounting because it appeared that relationship existed that required an accounting).  Plaintiff cannot even meet the first element of this claim, as she has pled no facts demonstrating that there was a fiduciary relationship between herself and Aurora; nor could she, because Aurora does not owe a fiduciary duty to borrowers as a matter of law.  *See infra* at 12-13; *Marks v. Ocwen Loan Servicing*, No. C 07-02133 Sl., 2008 WL 344210, at *2 (N.D. Cal. Feb. 6, 2008); *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal. App. 3d 1089, 1096 (1991).

6

income or cash flow with the intention of inducing default". (Compl. ¶¶ 26, 33.) These claims utterly fail as against Aurora.

> **2.** **Plaintiff's First Claim for TILA Violations Fails Because it Does not Apply to Loan Servicers or Investment Property, is Insufficiently Pled and is Time-Barred**

As discussed briefly above, Aurora as a servicer is not subject to TILA's disclosure requirements. *See Williams v. Saxon Mortgage Servs., Inc.,* No. Civ.A. 06-0799-WS-B, 2007 WL 2828752, at *4-5 (S.D. Ala. Sept. 27, 2007) (mortgage servicer is not liable for TILA violations). This is true even if the Loan was assigned to Aurora for purposes of servicing. Section 1641(f)(2) states that "[a] servicer of a consumer obligation arising from a consumer credit transaction shall not be treated as the owner of the obligation for purposes of this section on the basis of an assignment of the obligation from the creditor or another assignee to the servicer solely for the administrative convenience of the servicer in servicing the obligation."

But even if Aurora was subject to TILA, Plaintiff's TILA claim still fails because she has put forward no allegations against Aurora that would support TILA liability. *See Smith v. Argent Mortgage Co.*, No. 05-cv-02364-REB-BNB, 2007 WL 4105192, at *4 (D. Colo. Nov. 14, 2007) (plaintiff failed to carry its burden on TILA claim); *McCarrick v. Polonia Fed. Sav. & Loan Ass'n*, 502 F. Supp. 654, 657 (D.C. Pa. 1980).

Moreover, Plaintiff cannot benefit from TILA protection because the Loan does not qualify for protection. Specifically, Plaintiff cannot benefit from TILA's rescission remedy because her Loan is secured by investment property, which is not subject to the right of rescission. Nor was she entitled to any rescission-related disclosures at the Loan's origination. Congress enacted TILA to protect consumers, and applies only to consumer credit transactions, where credit is offered or extended "primarily for personal, family or household purposes." 12 C.F.R. § 226.2(a)(12). For purposes of TILA's right to rescind, "consumer" means a natural person whose principal personal residence will be encumbered by the security interest. *See* 12 C.F.R. § 226.2(a)(11).

7

There is no right under TILA to rescind a loan agreement made for the purchase of an investment property. *See* 15 U.S.C. § 1603(1) (exempting credit transactions involving extensions of credit primarily for business, commercial, or agricultural purposes); *see also In re Manning*, 126 B.R. 984, 989 (M.D. Tenn. 1991) ("under no circumstances may a loan procured to purchase … commercial real estate for investment be held to be for a 'consumer' purpose"); *Adema v. Great N. Dev. Co.*, 374 F. Supp. 318, 319 (N.D. Ga. 1973) (lots purchased for investment reasons do not make a buyer a "consumer").

Here, the subject property is a one- to four-unit investment property that produces rental income. (RJN Exh. 2.) Because the Rental Property plainly has an investment purpose, the overall transaction is exempt from TILA as a "business" – and not a "consumer" – transaction. *See* 15 U.S.C. § 1603(1).

Plaintiff's allegations under TILA also fail because they are time-barred. A TILA action to recover damages must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). The pertinent date of occurrence is the closing date. *See King v. California*, 784 F.2d 910, 915 (9th Cir. 1986). Plaintiff obtained the Loan in October of 2007. (Compl. ¶ 10.) Plaintiff filed her Complaint in March 2009, well past the one year cut-off. While the time period may be equitably tolled, *King*, 784 F.2d at 915, Plaintiff can show no set of facts to justify equitable tolling in this case. *See, e.g., Williams v. Saxon Mortgage Servs., Inc.*, No. Civ.A. 06-0799-WS-B, 2007 WL 2828752, at **4-5 (S.D. Ala. Sept. 27, 2007) (plaintiff must allege facts beyond non-disclosure to justify equitable tolling of TILA). Plaintiff's TILA allegations must be dismissed.

### 3. Plaintiff's Second Claim Under RESPA Fails Because RESPA Does Not Provide a Private Right of Action, and Because the Claim is Time-Barred

Plaintiff's RESPA allegations fail because it is well settled that there is no private right of action for violations of RESPA's disclosure requirements. *See Putkkuri v.*

1 *Recontrust Co.*, No. 08cv1919 WQH (AJB), 2009 WL 32567, at *3 (S.D. Cal. Jan. 5,

2 2009) (citing *Bloom v. Martin*, 865 F. Supp. 1377, 1384-85 (N.D. Cal. 1994)).  But even

3 if there were, Plaintiff's RESPA allegations are barred by the applicable statute of

4 limitations.    Private actions under RESPA must be brought within one year of

5 consummation of the transaction.  12 U.S.C. § 2614.  Plaintiff's Loan was originated in

6 October of 2007. (Compl. ¶ 10.)  Plaintiff's action, filed in March of 2009, is one 1/2

7 years old, well past the one-year statute of limitations.  These allegations are thus barred

8 and must be dismissed.

9       **4.**    **Plaintiff's Third Claim Under HOEPA Fails Because HOEPA Is**

10               **Inapplicable to Plaintiff's Loan and Because the Claim is Time-**
              **Barred**

11       Plaintiff's HOEPA claim fails because it is inapplicable to a one-time transaction

12 such as a refinance.  Section 1637 of HOEPA states that it is applicable to an "open end

13 consumer credit plan," defined in 15 U.S.C. § 1602(i) as "a plan under which the

14 creditor reasonably contemplates repeated transactions, which prescribes the terms of

15 such transactions, and which provides for a finance charge[.]"  It is simply inapplicable

16 to a one-time transaction, like Plaintiff's refinance in this case.

17       Plaintiff's HOEPA claim is also time-barred.   The statute of limitations for

18 damages under HOEPA is one year from the date the loan documents were executed.

19 *See*, *e.g.*, *Johnson v. First Fed. Bank of Cal.*, No. C08-00264 PVT, WL 682497 at *3

20 (N.D. Cal. Mar. 10, 2008).  Plaintiff executed the Loan documents in October 2007.

21 (RJN Exhs. 1-2.)  Because the statute of limitations for damages under HOEPA ran in

22 October of 2008, Plaintiff's claim for damages is over a year late and is thus time-

23 barred.

24       **5.**    **Plaintiff's Fourth Claim Under the FDCPA and California *Civ.***

25               ***Code* § 1788 Fails Because Aurora Is Not a Debt Collector, and**
              **the Initiation of the Foreclosure Process Does Not Constitute the**

26               **Collection of Debt**

27       Plaintiff's unfair debt collection practices claim under the Fair Debt Collection

28

9

1    Practices Act, 16 U.S.C. § 1692, et seq., (**FDCPA**) and its state counterpart, the

2    Rosenthal Fair Debt Collection Practices Act, California *Civ. Code* §§ 1788-1788.32

3    (**RFDCPA**) fails because Aurora is not a ''debt collector'' as defined under either the

4    FDCPA or RFDCPA, and the initiation of the foreclosure process does not constitute

5    debt collection.[5]

6            **a)**      **Plaintiff's FDCPA Claim Fails**

7         "To be held liable for violation of the FDCPA, a defendant must – as a threshold

8    requirement – fall within the Act's definition of a debt collector." *Heintz v. Jenkins*, 541

9    U.S. 291, 294 (1995).  "A 'debt collector' under the FDCPA is a person who collects or

10   attempts to collect debts."  15 U.S.C. § 1692a(6). A "debt" is defined in the FDCPA as

11   "any obligation or alleged obligation of a consumer to pay money arising out of a

12   transaction in which the money, property, insurance, or services which are the subject of

13   the transaction are primarily for personal, family, or household purposes, whether or not

14   such obligation has been reduced to judgment."  15 U.S.C. § 1692a(5).  The FDCPA

15   regulates collection activity by debt collectors, not creditors.  *Thomas v. Law Firm of*

16   *Simpson & Cyback*, 392 F.3d 914, 916-917 (7th Cir. 2004).

17        In *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (1985), the Fifth Circuit Court

18   of Appeals conclusively determined that the legislative history of section 1692a(6)

19   indicates that a debt collector does not include the consumer's creditors, a mortgage

20   servicing company, or an assignee of a debt, as long as the debt was not in default at the

21   time it was assigned.  *See Pineda v. Saxon Mortg. Serv., Inc.*, No. SACV 08-1187 JVS

22   (ANx), 2008 WL 5187813, at *3 (C.D. Cal. Dec. 10, 2008) (citing *Perry*); *Williams v.*

23   *Countrywide Home Loans, Inc.*, 504 F. Supp. 2d 176, 190 (S.D. Tex. 2007) ("Mortgage

24

---

25   [5] Plaintiff also alleges in support of this claim that she "duly and properly on more than one occasion
26   requested validation of the 'debt' herein under both codes" and that "Defendants did not respond to her
     demands in such a way as to meet the requirements of the act."  (Compl. ¶¶ 37-38.)  Plaintiff made no
27   such request to Aurora, and in any event this information was provided to Plaintiff.  (RJN Exh. 3.)

28

companies collecting debts are not 'debt collectors'"). Aurora is a mortgage servicing company and thus not a "debt collector" under the FDCPA. *Walker v. Equity 1 Lenders Group et al.*, No. 09cv325 WQH (AJB), at *10 (S.D. Cal. May 14, 2009) (Hayes, J.) (citing *Perry*).

Additionally, contrary to Plaintiff's allegations, "[t]he activity of foreclosing on a property pursuant to a deed of trust is not the collection of a debt." *Hulse v. Ocwen Fed. Bank*, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002); *see also Ines v. Countrywide Home Loans, Inc.*, No. 08cvl267 WQH (NLS), 2008 WL 2795875, at *3 (S.D. Cal. Jul. 18, 2008); *Walker*, No. 09cv325 WQH (AJB), at *11 (citing *Hulse*). The Court in *Hulse* held that:

> Foreclosing on a trust deed is distinct from the collection of the obligation to pay money. The FDCPA is intended to curtail objectionable acts occurring in the process of collecting funds from a debtor. But, foreclosing on a trust deed is an entirely different path. Payment of funds is not the object of the foreclosure action. Rather, the lender is foreclosing its interest in the property.

*Hulse*, 195 F. Supp. 2d at 1204. Accordingly, Aurora's act of completing the foreclosure on the Rental Property cannot be challenged as a FDCPA violation, and Plaintiff's FDCPA claim fails as a matter of law.

### b) Plaintiff's RFDCPA Claim Fails

Plaintiff also makes her allegation of unfair debt collection practices under the RFDCPA. Plaintiff's claim fails for several reasons. First, Plaintiff fails to meet even the minimal notice pleading requirements because she does not specify which section of the RFDCPA Aurora supposedly violated. *See Izenberg v. ETS Servs., LLC*, 589 F. Supp. 2d 1193, 1199 (C.D. Cal. 2008).

Moreover, Aurora is not a debt collector within the meaning of the RFDCPA. Under California *Civ. Code* § 1788.2, a debt collector is one who, in the ordinary course of business, regularly, on behalf of himself or others, engages in debt collection.

11

1     Although Plaintiff alleges that Aurora is a "debt collector", she does not (and cannot)

2     assert that Aurora regularly engages in debt collection within the meaning of the statute.

3          As with Plaintiff's FDCPA claim, this claim also fails because the initiation of the

4     foreclosure process is not considered debt collection under the RFDCPA.  *See, e.g.,*

5     *Izenberg*, 589 F. Supp. 2d at 1193 (citing *Ines*, 2008 WL 2795875, at *3); *Walker*, No.

6     09cv325 WQH (AJB), at *11 ("[T]he allegations in the Complaint support that

7     Defendants were foreclosing on the Property, which is not the collection of a debt within

8     the meaning of the FDCPA or RFDCPA.").  Plaintiff's fourth claim under the RFDCPA

9     must also be dismissed.

10            **6.**     **Plaintiff's Fifth and Sixth Claims for Breach of Fiduciary Duty**

11                 **and Breach of the Implied Covenant of Good Faith and Fair Dealing Fail Because Aurora Did Not Owe Plaintiff A Duty**

12         Plaintiff's fifth and sixth claims for breach of fiduciary duty and breach of the

13     implied covenant of good faith and fair dealing fail for the simple reason that Aurora

14     owed Plaintiff no duties under the Loan.[6]

15

16

_____

17 [6] Even if Plaintiff could successfully allege that Aurora owed her a duty, these claims still fail because

18 Plaintiff does not sufficiently allege them.  In order to make a claim for breach of fiduciary duty under California law, a plaintiff must allege (1) the existence of a fiduciary relationship, (2) its breach, and

19 (3) damages.  *Pierce v. Lyman*, 1 Cal. App. 4th 1093, 1101 (1991).  Here, Plaintiff merely alleges that Aurora "placed and negotiated loans without due care to the best interest of Plaintiff or for the

20 protection of his [sic] rights thereunder."  (Compl. ¶ 44.)  This is insufficient to meet the first two elements of this claim.

21 "A Plaintiff asserting a claim for breach of the implied covenant of good faith and fair dealing must

22 allege that: (1) a contract existed; (2) the plaintiff did all, or substantially all, of the significant things the contract required; (3) the conditions required for the defendant's performance had occurred; (4) the

23 defendant unfairly interfered with the plaintiff's right to receive the benefits of the contract; and (5) the plaintiff was harmed by the defendant's conduct."  *Carma Dev. (California), Inc. v. Marathon Dev.*

24 *California, Inc.*, 2 Cal. App. 4th 342, 373 (1992).  Plaintiff again fails to set forth facts to establish these elements; merely alleging that this covenant "prohibited [Aurora] from activities interfering with

25 or contrary to the rights of the Plaintiff" is woefully insufficient as a matter of law.  (Compl. ¶ 48.)

26 Indeed, Plaintiff cannot even meet all the elements of this claim if she wanted to, because she has failed to meet her obligations under the Loan.  Plaintiff's fifth and sixth claims thus must be dismissed for

27 this additional reason.

28

_____

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MOTION TO STRIKE; MOTION TO EXPUNGE *LIS PENDENS* AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF FILED BY DEFENDANT AURORA LOAN SERVICES LLC**

1    California law will not impose a fiduciary duty on a creditor in a debtor-creditor
2    relationship.  "In Price v. Wells Fargo [citation omitted], the court observed: "It has long
3    been regarded as 'axiomatic that the relationship between a bank and its depositor
4    arising out of a general deposit is that of a debtor and creditor.'  [Citation.]  'A debt is
5    not a trust and there is not a fiduciary relation between debtor and creditor as such.'
6    [Citation.] The same principle should apply with even greater clarity to the relationship
7    between a bank and its loan customers."  *Kim v. Sumitomo Bank*, 17 Cal. App. 4th 974,
8    979 (1993) (citing *Price v. Wells Fargo Bank*, 213 Cal. App. 3d 465, 476 (1989)).  Thus
9    a financial institution generally owes borrowers no duty.  *Nymark v. Heart Fed. Sav. &*
10   *Loan Ass'n*, 231 Cal. App. 3d 1089, 1096 (1991).   Plaintiff's claim for breach of
11   fiduciary duty fails as a matter of law.

12       As to Plaintiff's sixth claim, "[n]o cause of action for the tortious breach of the
13   implied covenant of good faith and fair dealing can arise unless the parties are in a
14   'special relationship' with 'fiduciary characteristics.'"  *Pension Trust Fund for Operating*
15   *Engineers v. Fed. Ins. Co.*, 307 F. 3d 944, 955 (9th Cir. 2002) (quoting *Mitsui Mfrs.*
16   *Bank v. Superior Court*, 212 Cal. App. 3d 726, 730 (1989)).  Typically reserved for the
17   insurance context, a plaintiff alleging the breach of this implied covenant under
18   California law must prove a "special relationship existing between insurer and insured,
19   which is characterized by elements of public interest, adhesion and fiduciary
20   responsibility."  *Seaman's Direct Buying Serv., Inc. v. Standard Oil Co.*, 36 Cal. 3d 752,
21   768-769 (1984).

22       Plaintiff has pled no facts to support her claim that there was a special relationship
23   between herself and Aurora to support any duty of care owed to Plaintiff, and thus her
24   claim for breach of the covenant of good faith and fair dealing also fails.  *See Marks v.*
25   *Ocwen Loan Servicing*, LLC, No. C 07-02133 SI, 2008 WL 344210, at *6 (N.D. Cal.
26   Feb. 6, 2008); *see also Schmidt v. Nat'l City Corp*, No. 3:06 CV 209, 2008 WL
27   5248706, at *9 (E.D. Tenn. Dec. 17, 2008).

28

13

1

### 7.   Plaintiff's Alleged State Law Claims Are Preempted

2      Plaintiff's state law claims not only fail for the reasons discussed above, they also

3   fail for the additional reason that they are preempted by 12 C.F.R. § 560.2.

4      Aurora is a wholly-owned direct subsidiary of Aurora Bank, FSB (**Aurora**

5   **Bank**), the new name of the organization formally known as Lehman Brothers Bank,

6   FSB.  (*See* RJN Exh. 9.)  Aurora Bank is a federally chartered bank and Aurora is its

7   operating subsidiary, enjoying the same federal preemption rights.  *See Watters v.*

8   *Wachovia Bank, N.A.*, 550 U.S. 1, 127 S.Ct. 1559, 1572 (2007), 12 C.F.R. §§559.2,

9   559.3(n)(1).  As such, the origination and servicing operations of Aurora are subject to a

10  comprehensive scheme of federal regulation: the Home Owner's Loan Act (**HOLA**), 12

11  U.S.C. §§ 1461 *et seq.*, and the regulations promulgated thereunder by the Office of

12  Thrift Supervision (**OTS**) and the Federal Home Loan Bank Board.  *See* 12 C.F.R. §

13  560.2(b)(1)-(13) (providing examples of state laws preempted by HOLA).

14     The OTS enacted 12 C.F.R. § 560.2 to create a uniform set of regulations

15  governing federal savings associations.   The regulation provides that residential

16  mortgage lending and servicing activities conducted by a federally chartered savings

17  bank and its subsidiaries are not subject to state laws, regardless of how they are labeled,

18  if they attempt to regulate mortgage lending or servicing.  12 C.F.R. § 560.2(a) ("OTS

19  hereby occupies the entire field of lending regulation for federal savings associations").

20  "Under HOLA, OTS enjoys 'plenary and exclusive authority…to regulate all aspects of

21  the operations of Federal savings associations' and its authority 'occupies the entire field

22  of lending regulation for federal savings associations.'" *Andrade v. Wachovia Mortgage,*

23  *FSB*, No. 09 CV 0377 JM (WMc), 2009 WL 1111182, at *2 (S.D. Cal. Apr. 21, 2009)

24  (*citing* 12 C.F.R. §§ 545.2 and 560.2(a)).

25     "The Ninth Circuit agreed, characterizing the enabling statute and subsequent

26  agency regulations as 'so pervasive as to leave no room for state regulatory control.'"

27  *Andrade* (citing *Conference of Fed. Sav. & Loan Ass'ns v. Stein*, 604 F.2d 1256, 1260

28

14

1    (9th Cir. 1979), *aff'd,* 445 U.S. 921, 100 S.Ct. 1304.  There is simply no room for states

2    to regulate the lending and servicing activities of a federal savings bank. 12 C.F.R.

3    § 560.2(a); *see, e.g., Andrade, supra,* and *Rice v. Santa Fe Elevator Corp.,* 331 U.S.

4    218, 230, 67 S.Ct. 1146 (1947) (when federal law preempts a field, it leaves "no room

5    for the States to supplement it").

6        Section 560.2 lists thirteen categories of state laws preempted by OTS

7    regulations.  However, the list is not meant to be exhaustive.  As relevant here, section

8    560.2(b) states, "the types of state laws preempted by paragraph (a) of this motion

9    include, without limitation, state laws purporting to impose requirements regarding":

10        (4) The **terms of credit, including amortization of loans** and the deferral
     and capitalization of interest and **adjustments to the interest rate, balance,**
11       **payments due, or term to maturity of the loan**, including the
     circumstances under which a loan may be called due and payable upon the
12       passage of time or a specified event external to the loan;

13       (9) **Disclosure and advertising**, including laws requiring **specific**
     **statements, information, or other content to be included in credit**
14       **application forms**, credit solicitations, billing statements, **credit contracts,**
     **or other credit-related documents** and laws requiring creditors to supply
15       copies of credit reports to borrowers or applicants;

16       10) Processing, **origination, servicing**, sale or purchase of, or investment or
     participation in, **mortgages**  (emphasis added).
17

18        When determining the preemptive reach of section 560.2, the first step is to see

19    whether the state law at issue is among the types of laws identified in subsection

20    560.2(b) as expressly preempted.  OTS has issued this interpretive guidance:  "When

21    analyzing the status of state laws under § 560.2, the first step will be to determine

22    whether the type of law in question is listed in paragraph (b).  *If so, the analysis will end*

23    *there; the law is preempted*."  OTS Final Rule, 61 Fed. Reg. 50951, 50966-67 (Sept. 30,

24    1996) (emphasis added); *see also Weiss v. Washington Mut. Bank*, 147 Cal. App. 4th 72,

25    76-77 (2007) (adopting OTS guidance to analyze preemptive reach of Section 560.2).

26    This interpretation of Section 560.2 by the OTS should be given controlling weight.  *See*

27    *Auer v. Robbins*, 519 U.S. 452, 461 (1997) (holding agency's interpretation of its own

28

15

regulations should be given controlling weight unless plainly erroneous or inconsistent with the regulation).

When a state law is not among the types listed in paragraph (b), the second step is to ask "whether the law *affects* lending.  If it does, . . . the presumption arises that the law is preempted." 61 Fed. Reg. 50951, 50966-67 (Sept. 30, 1996).  State laws listed in paragraph (c) are not preempted as long as "they only incidentally affect the lending operations of Federal savings associations or are otherwise consistent with the purpose of paragraph (a) ...." 12 C.F.R. § 560.2(c).  But, "paragraph (c) is intended to be interpreted narrowly.  Any doubt should be resolved in favor of preemption." *Id.*; *see also Weiss*, 147 Cal. App. 4th at 76-77.  "Even state laws of general applicability, such as tort, contract, and real property laws [set forth in 560.2(c)], are preempted if their enforcement would impact thrifts in areas listed in § 560.2(b)." *Silvas v. E\*Trade Mortgage Corp.,* 514 F.3d 1001, 1006 (9th Cir. 2006).  "State laws that do not affect lending or servicing practices might include tax statutes or zoning ordinances." *Fid. Fed. Sav. & Loan Ass'n v. de la Cuesta*, 458 U.S. 141, 167, 102 S.Ct. 3014 (1982) (O'Connor, J., concurring).

Because of the broad preemptive scope of section 560.2, any cause of action that is founded upon the mortgage lending or servicing activities of a subsidiary of a federally chartered bank is preempted**.** *See Watters*, 127 S.Ct. at 1569 (state cannot exercise control over national bank's mortgage lending or other banking activities); *accord, Silvas v. E\*Trade Mortgage Corp.*, *supra*.  Thus, state law causes of action based on allegations that affect or seek to regulate lending or servicing operations of federal savings banks are preempted.  Recasting such claims as state claims does not escape preemption. *See, e.g., Sartain v. Aurora Loan Servs. LLC*, CV 09-1789 AHM (VBKx), 2009 WL 950946, at \*3 (C.D. Cal. Apr. 6, 2009) (preemption found where plaintiff brought state law claims for rescission based on fraud and unilateral mistake grounded in contract and fraud because "they are clearly directed at enforcing [a federal

16

savings bank subsidiary's] responsibility to disclose information about a home loan.").

Here, Plaintiff's state law claims for violation of California *Civil Code* § 1788, breach of fiduciary duty and breach of the covenant of good faith and fair dealing are preempted because all of them involve alleged wrongdoings surrounding the origination of the Loan.  So in addition to their substantive deficiencies and inapplicability to Aurora, Section 560.2 preempts each of these allegations against Aurora because allowing them would let a state law regulate a federal savings association's origination and servicing activities. *See* 12 C.F.R. § 560.2(b)(4), (9), (10); *see Silvas, supra* (holding the 12 C.F.R. § 560.2 preempts California's Unfair Competition Law.); *see also Andrade v. Wachovia Bank, FSB, supra* (finding plaintiff's state law claims for quiet title, fraud, negligence infliction of emotional distress, negligence, cancellation based on fraud, and impossibility all preempted by 12 C.F.R. § 560.2 because "factual underpinnings" of the claims seek to regulate thrifts).

Even if Aurora had such a role in origination, the claims against it would be preempted by 12 C.F.R. § 560.2 because the scope and content of disclosures are an area of exclusive federal authority as to national banks.  *See* 12 C.F.R. § 560.2(9); and *Silvas, supra; Andrade, supra; VirtualBank*, 2008 WL 2873406, at *5 (holding plaintiff's claims concerning the failure to disclose the negative amortization feature were preempted, as well as contradicted by the promissory note which set forth the terms of the credit contract).  None of the state law claims can survive – a result identical to those found in the *Silvas* and *Andrade* cases.

> ### 8.   Plaintiff's Ninth and Tenth Claims Alleging Civil Rights Violations Are Inapplicable, Insufficiently Pled and Are Time-Barred

Plaintiff in conclusory fashion alleges due process claims.  (Compl. ¶¶ 63-80.) None have applicability here, and even if they did, they are factually deficient.  Plaintiff fails to allege in either of these claims that she spoke with anyone, or that Aurora knew

17

1  of her ethnicity, or that any decisions Aurora made on the Loan were based on her ethnic
2  background.  Moreover, these claims are barred by the applicable statute of limitations.

3      **a)      42 U.S.C. § 2000d is Inapplicable and Insufficiently Pled**

4      42 U.S.C. § 2000d states that "[n]o person in the United Stated shall, on the
5  ground of race, color, or national origin, be excluded from participation in, be denied the
6  benefits of, or be subjected to discrimination under any program or activity receiving
7  Federal financial assistance."

8      Plaintiff alleges that Aurora violated Section 2000d by "providing an exorbitant
9  loan amount, to a minority female, with a limited and inconsistent income, from a
10 Hispanic background, with no experience in regard to the COLA, one-month Index
11 Interest Only Loan", and that Aurora did this "with reckless disregard to how she could
12 make payments without default."  (Compl. ¶ 65.)  First, this statute is completely
13 inapplicable to the facts of this case, and Plaintiff does not even attempt to allege for
14 which federally-assisted program she was denied benefits.  Second, as discussed above
15 Aurora did not originate Plaintiff's Loan.  Assuming *arguendo* Aurora did originate her
16 Loan, this is no basis for a Section 2000d claim because obtaining a loan from a private
17 financial institution is not a "federally-assisted benefit" protected by the statute.  This
18 claim is inapplicable, woefully insufficient and cannot survive dismissal.

19     **b)      42 U.S.C. § 1983 is Inapplicable and Insufficiently Pled**

20     Under 42 U.S.C. § 1983, a plaintiff must allege "(1) a conspiracy, (2) for the
21 purpose of depriving any person or class of persons of the equal protection of the laws,
22 or of equal privileges and immunities under the laws; and (3) an act in furtherance of the
23 conspiracy, (4) whereby a person is either injured in his person or property or deprived
24 of any right or privilege of a citizen of the United States." *Mathews v. Washington Mut.*
25 *Bank, FA*, Civil Action 05-100, 2006 WL 2380460, at *11 (E.D. Pa. Aug. 14, 2006)
26 (citing *United Bd. of Carpenters & Joiners of Am., Local 610, AFL-CIO v. Scott*, 463

27

28                              18

1  U.S. 825, 828-29, 103 S.Ct. 3352 (1983)).  "In addition to these elements, a plaintiff
2  must show that there is some racially or other invidiously discriminatory animus
3  underlying the actions of the alleged conspirators." *Mathews*, 2006 WL 2380460, at *11;
4  *United Bd. of Carpenters*, 463 U.S. at 829.

5  Plaintiff in support of her Section 1983 claim alleges that Aurora "refused to
6  refinance the Plaintiff, despite the fact that Defendants refinanced many other
7  customers, and despite the fact that Plaintiff was more than qualified for refinancing."
8  (Compl. ¶¶ 74.)  As an initial matter, there is no legal right to have one's loan
9  refinanced.  More importantly, these allegations do nothing to demonstrate that Aurora's
10  alleged refusal to refinance the Loan was in furtherance of a conspiracy based on some
11  underlying "racially or other invidiously discriminatory animus."  *Mathews*, 2006 WL
12  2380460, at *11; *United Bd. of Carpenters*, 463 U.S. at 829.  Indeed, Plaintiff has not
13  even alleged Aurora conspired with anyone to commit the alleged discrimination.
14  Plaintiff's 1983 claim thus fails as a matter of law.

### c)    Federal Civil Rights Claims are Time-Barred

15
16  Even if Plaintiff could feasibly allege these federal civil rights violations, they
17  would still fail because they are time-barred.  California's one-year statute of limitations
18  for personal injury actions governs claims brought pursuant to 42 U.S.C. §§ 1983 and
19  2000d.  *Taylor v. Regents of The Univ. of Cal.*, 993 F.2d 710, 711-12 (9th Cir. 1993).
20  The fact that "the acts complained of … occurred at least in part, within the last year"
21  (Compl. ¶¶ 68, 77) does not save these claims.  Plaintiff's federal civil rights claims
22  accrued, if at all, well before Plaintiff brought this lawsuit and are thus time-barred.

### d)    Plaintiff Is Not Entitled to Injunctive Relief Under These Claims Because The Claims Are Substantively Deficient

23
24
25  Plaintiff also seeks injunctive relief in claims nine and ten.  Plaintiff's request for
26  injunctive relief must also fail because injunctive relief is only a remedy and by itself, is
27
28

19

1    not a valid cause of action.  *See, e.g., Martone v. Burgess*, No. C08-2379 CW, 2008 WL

2    3916022, at *4 (N.D. Cal. Aug. 25, 2008); *McDowell v. Watson*, 59 Cal. App. 4th 1155,

3    1159 (1997).  A substantive cause of action must exist before injunctive relief can be

4    granted.  *See Shell Oil Co. v. Richter*, 52 Cal. App. 2d 164, 168 (1942); *see also*

5    *Shamsian v. Atlantic Richfield Co.*, 107 Cal. App. 4th 967, 984-85, 132 Cal. Rptr. 2d

6    635 (2003) (citing to *Richter* and remanding with instructions to dismiss appellants'

7    causes of action for preliminary and permanent injunctive relief because "a request for

8    injunctive relief is not a cause of action"); *MaJor v. Miraverde Homeowners Ass'n. Inc.*,

9    7 Cal. App. 4th 618, 623 (1992).  Plaintiff utterly fails to allege any substantive claim

10   under either Section 2000d or 1983 to support injunctive relief.

### 9.    Plaintiff Cannot Quiet Title Because Her Claim is Insufficiently Pled, and Because She Failed to Tender and Failed to Verify Her Complaint

13        Plaintiff by her eleventh cause of action seeks to quiet title in the Rental Property.

14   Plaintiff's action to quiet title however fails because she failed to set forth key

15   information in the Complaint, failed to tender and failed to verify the Complaint.

16        To allege a quiet title action in California, a plaintiff must set forth in the

17   complaint the "date as of which the determination [to quiet title] is sought" or if the date

18   is different from the date of filing of the complaint "a statement of reasons why a

19   determination as of that date is sought."  Cal. *Civ. Proc. Code* § 761.020(d).  Plaintiff

20   does not state from what dates she seeks to quiet title and why such a determination of

21   that date is sought.

22        This claim fails for the additional reason that Plaintiff failed to pay the debt

23   secured prior to bringing the claim.  A mortgagor cannot quiet title against the

24   mortgagee without paying the debt secured.  *Shimpones v. Stickney*, 219 Cal. 637, 649

25   (1934); *see also Mix v. Sodd*, 126 Cal. App. 3d 386, 390 (1991) (no quiet title action

26   may lie without paying the debt, even if debt is otherwise unenforceable).  Plaintiff, as

27

28
20

discussed *supra* at 3-4, failed to tender the amount necessary to pay off the Loan or cure any default.

Moreover, California *Civ. Proc. Code* § 761.020 requires that a complaint containing a quiet title cause of action be verified.  Plaintiff's Complaint is not verified in violation of Section 761.020.  For these reasons, Plaintiff's quiet title claim must be dismissed.

### 10.   Plaintiff Is Not Entitled to Declaratory Relief Because There is No Actual Controversy For the Court to Resolve

Since all of Plaintiff's substantive claims fail as a matter of law, her claims for declaratory relief in her seventh, eighth, and twelfth causes of action cannot withstand dismissal.

Plaintiff's requests for declaratory relief fail because, without any valid claims, Plaintiff cannot allege any actual controversy or availability of prospective relief. Declaratory relief requires a present and actual controversy between the parties as to an existing or future right.  Cal. *Civ. Proc. Code* § 1060.  Past events, or rights or obligations that are no longer real or have been discontinued, render any right to declaratory relief moot.  *Golden v. Zwickler*, 394 U.S. 103, 109, 89 S. Ct. 956 (1969); *Baldwin v. Marina City Props., Inc.*, 79 Cal. App. 3d 393, 407 (1978) (no basis for declaratory relief where only past wrongs were involved).  The foreclosure of Plaintiff's Rental Property has already taken place, so there is no question as to who owns the Property.  (RJN Exh. 8.)  Moreover, Aurora did not originate the Loan, so there is no issue as to its duties under that contract.  Plaintiff cannot support her request for declaratory relief with her deficient claims, so Plaintiff's request for declaratory relief fails as a matter of law.

### V.  MOTION TO STRIKE

Under Fed. R. Civ. P. 12(f), the court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent or scandalous matter."  Plaintiff's claims for punitive damages are insufficient, unjustified based on the facts alleged by

21

Plaintiff, and must be struck from the Complaint because she has failed to make her requests for punitive damages in conformity with California's laws governing exemplary and punitive damage claims.

California *Civ. Code* § 3294 governs exemplary and punitive damage claims. Section 3924 permits the imposition of punitive damages only "in an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant is guilty of fraud, oppression or malice . . . ."

A pleading seeking punitive damages must allege facts and not conclusions of law, *Logan v. SCRTD*, 136 Cal. 3d 116, 185 (1982), and must be based upon something more than mere allegations because the grant of punitive damages is an extraordinary remedy that should be granted only with the greatest caution. *Beck v. State Farm Mutual Auto Ins. Co.*, 54 Cal. App. 3d 347, 355 (1976). There must be circumstances of oppression, fraud or malice, and facts must be alleged to support such claims. *Grieves v. Superior Court*, 157 Cal. App. 3d 159, 203 (1984). "Allegations that the acts of [defendant] were 'arbitrary, capricious, fraudulent, wrongful and unlawful' like other adjectival descriptions of such proceedings, constitute mere conclusions of law" and are not sufficient. *Faulkner v. California Toll Bridge Authority*, 40 Cal. 2d 317, 319 (1952); *G.D. Searle & Co. v. Superior Court*, 49 Cal. App. 3d 22, 29 (1975) (prayer for punitive damages may not be based on conclusory allegations).

Malice sufficient to support an award of punitive damages is pled when a plaintiff alleges with factual particularity that defendants had a conscious, probable and intent to vex, injure or annoy plaintiff for the sole purpose of obtaining satisfaction from inflicting injury. *Tresemer v. Varke*, 86 Cal. App. 3d 656, 668 (1978). Oppression exists when a defendant in conscious disregard of a person's rights engages in despicable conduct subjecting that person to cruel and unjust hardship. Cal. *Civ. Code* § 3294. Fraud is intentional misrepresentation or concealment of a material fact known to the defendant with the intent to deprive the plaintiff of a legal right and thereby causing

22

1  injury. Cal. *Civ. Code* §3294(c)(1).

2      With respect to a corporation, a plaintiff must first plead and prove the advanced

3  knowledge and conscious disregard, authorization, ratification or act of oppression,

4  fraud or malice on the part of an officer, director, or managing agent of the corporation

5  before punitive damages may be awarded.  Cal. *Civ. Code* § 3294(b).

6      Plaintiff has pled none of these factors in her Complaint.  Plaintiff only asserts

7  vague and conclusory allegations in her request for punitive damages and thus her

8  claims for punitive damages should be stricken.  There is not one iota of evidence or

9  allegation, for that matter, that would satisfy the pleading requirements under California

10  law.  Therefore, Plaintiff's boilerplate allegations found at paragraphs 23, 46, 62, 71, 80

11  and 4 of her prayer for relief should be stricken from the Complaint.

12  ## VI. MOTION TO EXPUNGE *LIS PENDENS*

13      In order to succeed on her *Lis Pendens*, Plaintiff must prove the existence of a real

14  property claim based on the allegations in the Complaint.  *Urez Corp. v. Superior Court*,

15  190 Cal. App. 3d 1141, 1149 (1987).  Specifically, the claimant under California *Civ.*

16  *Proc. Code* § 405.32 must establish "the probable validity" of the real property claim

17  "by a preponderance of the evidence."  Pursuant to section 405.31, "the court shall order

18  the notice expunged if the court finds that the pleading on which the notice is based does

19  not contain a real property claim."

20      As set forth above, Plaintiff's Complaint is meritless because it fails to state a

21  claim upon which relief may be granted.  Plaintiff cannot amend her Complaint to prove

22  the existence of a real property claim even if she wanted to because the Rental Property

23  has already been properly sold at sale, and Plaintiff does not contest otherwise.  Thus

24  Plaintiff fails to establish the existence of a valid real property claim as required under

25  California *Civ. Proc. Code* §§ 405.31 and 405.32.  Aurora respectfully requests that the

26  Court order the *Lis Pendens* expunged from the public record.  In addition, Aurora

27  respectfully requests that as a condition of expunging the *Lis Pendens*, the Court

28

23

1 | entertain a further motion by Aurora for its attorneys' fees.

## VII. CONCLUSION

This vague, form complaint was filed without investigation.  Plaintiff is barred from bringing this action because she failed to tender, relies on statutes and common law claims where no cause of action can be stated, alleges claims that are inapplicable to Aurora and barred by the statute of limitations, and inadequately asserts all remaining claims.  Aurora thus respectfully request the Complaint be dismissed with prejudice, that Plaintiff's request for punitive damages be struck, and that Plaintiff's *Lis Pendens* be expunged.

Dated: May 18, 2009                         Respectfully submitted,

**AKERMAN SENTERFITT LLP**

By:  */s/ Justin D. Balser*

Justin D. Balser
Donald M. Scotten
Attorneys for Defendant
AURORA LOAN SERVICES LLC

24

**PROOF OF SERVICE BY OVERNIGHT DELIVERY COURIER**

STATE OF COLORADO, CITY AND COUNTY OF DENVER

    I am employed in the City and County of Denver, State of Colorado; I am over the age of 18 years and not a party to this action.  My business address is 511 Sixteenth Street, Suite 420, Denver, Colorado 80202.

    On May 18, 2009, I served the following document(s) described as:

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MOTION TO STRIKE; MOTION TO EXPUNGE *LIS PENDENS*; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF FILED BY DEFENDANT AURORA LOAN SERVICES LLC**

☒    by enclosing the documents in an envelope or package provided by an overnight delivery carrier and addresses to the persons at the addresses as stated below:

Timothy D. Thurman
Trinity Law Associates
3470 Wilshire Blvd., Suite 930
Los Angeles, CA 90010

☒    BY FEDERAL EXPRESS *

☐    BY EXPRESS MAIL USPS)*

☐    BY _____*

    I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐  (State)    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒  (Federal)    I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.  I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on May 18, 2009, at Denver, Colorado.

*/s/ Toni Domres* _____
Toni Domres

25

_____
PROOF OF SERVICE